GULOTTA, Judge
(dissenting).
I respectfully dissent. The dismissal of the appeal is based on the conclusion reached by the majority that the unsigned bond purporting to be the bond of the surety is no bond at all. True, the surety in the instant case did not sign the affidavit on the reverse side of the bond as in the case of Green v. Jefferson Truck Service, Inc., supra; however, as pointed out by the majority, a surety company licensed to do business in the state is not required to furnish the affidavits of surety. See LSA-C.C.P. art. 5122.
Admittedly, the resolution attached to the unsigned bond is defective and Steve’s Bonding Agency is not named in the resolution, but the resolution authorizes Stephen Ghergich, Jr., to execute the bond on behalf of Peerless Insurance Company. The purported unsigned bond designates Steve’s Bonding Agency as surety. Nowhere in the unsigned bond does the name Peerless Insurance Company or Stephen Ghergich, Jr., appear. However, on an accompanying bond of injunction also in the record, it appears that Stephen Ghergich, Jr., and Steve’s Bonding Agency are agents and attorney-in-fact for Peerless Insurance Company.
It is clear that the unsigned bond is insufficient and invalid. I do not agree with the majority, however, that the purported unsigned bond and invalid resolution attached to the bond is no bond at all. Under the circumstances, I am of the opinion that appellant should be afforded an opportunity to furnish a valid bond within the time prescribed in LSA-C.C.P. art. 5124. I would not dismiss the appeal.
Accordingly, I respectfully dissent.